[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15401
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03439-TWT

DORIS ARCHER,

                                                        Plaintiff-Appellant,

versus

CAPTAIN MYRON LOGAN,
MAJOR R. K. ELLISON,
LIEUTENANT A. B. CATLIN,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 6, 2015)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

In this 42 U.S.C. § 1983 action, plaintiff Doris Archer appeals, through counsel, the district court's entry of summary judgment in favor of defendant Captain Myron Logan, of the DeKalb County Police Department, and defendant Major Robert Ellison, Logan's supervisor.  In her complaint, Archer alleged that the defendants caused her arrest in violation of the First and Fourth Amendments and also asserted false arrest and malicious prosecution claims based on state law. Having reviewed the record and considered the arguments of the parties in their briefs, we AFFIRM the grant of summary judgment for the reasons stated in the district court's thorough and well-reasoned order entered November 4, 2014.

We also point out that the district court correctly rejected plaintiff Archer's argument that defendant Captain Logan was acting "under color of state law" simply because his position in the Police Department may have gained him some preferential treatment by the District Attorney's Office investigator or allowed him a measure of influence in the initiation of a criminal prosecution.  We agree with the district court that Archer has cited no authority indicating that a state official acting purely in his private capacity acts under color of state law simply "because he may have gained an indirect advantage by virtue of his official post."  We add that our precedent supports the district court's rejection of that argument on this

2

record.  See Myers v. Bowman, 713 F.3d 1319, 1331 (11th Cir. 2013) (defendant magistrate judge did not act under color of state law even though his "position as a magistrate judge affected [police officer's] decision to pursue the [plaintiffs]," and he instructed another officer during the arrest, because arrest was not "made possible only because [defendant] was clothed with the authority of state law" (alteration adopted and quotation omitted)).

We additionally address, and find unpersuasive, plaintiff Archer's contention that the district court—in finding no supervisory liability as to defendant Major Ellison—erred in failing to address her claim that Ellison directly participated in the alleged First and Fourth Amendment violations.  Archer has pointed to no evidence creating a genuine issue of material fact regarding whether Ellison personally participated in the investigation that culminated in her indictment and arrest.  See Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1308 (11th Cir. 2009).

**AFFIRMED.**